**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ADILSO ISMAEL JOVEL, a.k.a. Jose Carlos, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-71919 <br><br> Agency No. A076-859-268 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010[**]

Before:     O'SCANNLAIN, LEAVY, and TALLMAN, Circuit Judges.

Adilso Ismael Jovel, a native and citizen of El Salvador, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") removal order.  We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review de novo questions of law, *Barrios v. Holder*, 581 F.3d 849, 854 (9th Cir. 2009), and we grant the petition for review.

The BIA erred in determining that Jovel was ineligible for a waiver of inadmissibility under section 209(c), 8 U.S.C. § 1159(c), because he previously adjusted his status, where Jovel was not requesting to readjust his status but to apply for the waiver *nunc pro tunc*. *Cf. Robleta-Pastora v. Holder*, 591 F.3d 1051, 1059-60 (9th Cir. 2010) (no readjustment of status with a section 209(c) waiver where he became inadmissible subsequent to his initial adjustment). At the time United States Citizenship and Immigration Services approved Jovel's adjustment of status application, he was already inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II) and therefore needed a section 209(c) waiver to adjust. Because it is unclear whether he was ever afforded an opportunity to apply for the waiver, the IJ should have informed him of his potential eligibility for such a waiver *nunc pro tunc* and explored the issue with him. *See United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000). Because neither the BIA nor the IJ addressed the availability of this type of *nunc pro tunc* relief, we remand for the a determination of whether the agency may retroactively grant Jovel a section 209(c) waiver *nunc pro tunc*.

In light of our disposition, we do not reach Jovel's remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**